UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NEIL LEVINE,

                     **MEMORANDUM AND ORDER**

         Plaintiff,

         -against-                        10 Civ. 0241 (BMC) (LB)

CAPITAL ONE BANK; FORSTER &
GARBUS, et al.,

         Defendants.
----------------------------------------------------------x
**COGAN**, District Judge.

This case is before the Court on the Notice of Removal filed by Neil Levine, who is proceeding *pro se*.[1] This Court liberally construes his Notice of Removal as being brought under 28 U.S.C. §§ 1441, 1443, and 1446. For the reasons discussed below, this Court directs the Clerk of Court to remand the action to the Civil Court of the City of New York, County of Kings.

## BACKGROUND

On November 23, 2009, Capital One Bank (USA), N.A. ("Capital One"), through its attorneys Forster & Garbus, filed a complaint against Levine in NYC Civil Court, seeking to recover $8,600.48 in outstanding credit card debt. See Capital One Bank v. Levine, Index No. 127924/09 (N.Y.C. Civil Court, Kings County). Levine filed a Notice of Removal on January 12, 2010, indicating that he has removed the state court action so that it can be consolidated with a previous lawsuit that he filed here. Levine filed that previous complaint on December 29, 2009, against President Obama and other government officials, in which he complained about

---

[1] Levine was the defendant in the state court action but reversed the caption when he filed his Notice of Removal, referring to himself as "plaintiff." This Court has retained the caption as he has styled it rather than using the original state court caption.

the federal government's energy policies. I dismissed his complaint for lack of subject matter jurisdiction. See Levine v. Obama et al., 09-CV-5227 (BMC) (E.D.N.Y. Jan. 21, 2010).

In his Notice of Removal, Levine explains that he wants to consolidate this case with his prior case "to establish the value of paperwork and submissions to various government involving intellectual property rights to an improved and modernized waterwheel that will convert the kinetic energy of flowing water into mechanical energy and then electricity and/or hydrogen . . . both of which are valuable." He somewhat amplifies on the claims in his prior case, by implying that if President Obama or other federal agencies or employees would approve certain patents he wants for energy creating technology, he would have enough money to pay his credit card debt.

## DISCUSSION

"Any action that was originally filed in state court may be removed by a defendant to federal court only if the case originally could have been filed in federal court." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998); 28 U.S.C. § 1441(a). The defendant has the shorter of thirty days from receipt of the initial pleading, or service of the summons, to file a Notice of Removal.[2] 28 U.S.C. § 1446(b). Courts are directed to strictly construe removal statutes, and resolve any ambiguity in favor of remand to state court. Villano v. Kohl's Dept. Stores, Inc., 362 F. Supp. 2d 418, 419 (S.D.N.Y. 2005). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The primary grants of federal subject matter jurisdiction are "federal question" jurisdiction, under 28 U.S.C. § 1331, and "diversity of citizenship" jurisdiction, under 28 U.S.C.

---

[2] Capital One filed its state court action against Levine on November 23, 2009. Although Levine has not indicated when he received that complaint or summons, it appears that he filed this Notice of Removal after the 30-day period, on January 12, 2010. However, even assuming that Levine's Notice of Removal is timely, this Court still lacks subject matter jurisdiction over the case.

2

§ 1332. Because Levine asserted federal jurisdiction by removing his case from state court, "the burden falls squarely upon [him as] the removing party to establish [his] right to a federal forum by 'competent proof.'" R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979) (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780 (1936)).

This Court bears in mind that Levine is proceeding *pro se*, and it is well settled that a *pro se* litigant's submissions "should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001). However, Levine's *pro se* status does not give him the right to select a forum to which he is not entitled under the law.

I. **Federal Question Jurisdiction**

Levine has failed to establish that this case raises a federal question. The removal provision in 28 U.S.C. § 1441(b), provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." However, "a case does not arise under Federal law because of a defendant's assertion of an issue of Federal law in the pleadings or in the petition for removal . . . nor may a Federal question be inferred from a defense pleaded or one expected to be made." Cuomo v. Long Island Lighting Co., 589 F. Supp. 1387, 1392 (E.D.N.Y. 1984) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 113, 57 S.Ct. 96 (1936)). Rather, the source of federal law must be apparent on the face of plaintiff's complaint. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058 (2003); Sullivan v. American Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005).

Capital One alleged in its complaint that Levine has defaulted under the terms of his credit card agreement and owes it the outstanding balance on his account. See Capital One Bank

v. Levine, Index No. 127924/09 (N.Y.C. Civil Court, Kings County). Regardless of whether Capital One *could* have brought a federal claim against Levine, the test for determining subject matter jurisdiction is whether it *did* bring such a claim. City of Rome, N.Y. v. Verizon Communications, Inc., 362 F.3d 168, 174-175 (2d Cir. 2004) (no federal jurisdiction where complaint only referred to state and local law). Accordingly, as a federal question was not asserted by Capital One in its complaint, this Court does not have federal question jurisdiction over this case.

## II. Diversity Jurisdiction

Similarly, Levine has failed to establish that jurisdiction in this Court is proper based on diversity. Diversity jurisdiction is properly invoked where a claim is brought between parties of diverse citizenship, which exceeds the required jurisdictional amount of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). To determine whether a case exceeds $75,000, the sum claimed by the plaintiff controls, and it must appear to a legal certainty that the claim fails to satisfy the jurisdictional amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S.Ct. 586 (1938). Even assuming the parties in the instant case are diverse,[3] the claim still fails to exceed the $75,000 requirement.

Capital One's complaint very clearly sets forth that it is seeking $8,600.48, plus interest and costs, which represents Levine's outstanding credit card balance. As this amount is far less than $75,000, Levine has failed to satisfy the amount in controversy requirement for diversity jurisdiction. Sik To Cheung v. Union Cent. Life Ins. Co., 117 Fed. App'x. 167 (2d Cir. 2004) ("In a diversity case, if a court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered 'to a legal certainty,' the case is dismissed for lack of subject matter jurisdiction."); Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394,

---
[3] Levine failed to indicate the citizenship of all the parties in his Notice of Removal.

396-97 (2d Cir. 2003); Chase Manhattan Bank, N.A., v. American Nat. Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996).

## CONCLUSION

Accordingly, the Notice of Removal is denied and the action is hereby remanded to the Civil Court of the City of New York, County of Kings. 28 U.S.C. §§ 1446(c)(4). This Order closes the case. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the Civil Court of the City of New York, County of Kings. Furthermore, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
      January 27, 2010